## BAKER v. LANDRUM.	(No. 6791.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 11, 1922. Rehearing Denied Nov. 8, 1922.)

Carriers ⚖➝228(5)—Evidence held insufficient to support judgment for shipper of cattle for carrier's alleged negligence.

Evidence, in an action against a carrier for alleged negligence in wrongly consigning a shipment of cattle and refusing to permit shipper's representative to accompany the cattle to shape them up before selling, and for resulting delay in selling on the market, *held* insufficient to support a judgment for plaintiff.

Appeal from District Court, La Salle County.

Action by J. A. Landrum against James A. Baker, receiver. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Cobbs, Blankenbecker & Wiggin, of San Antonio, for appellant.

FLY, C. J. This is a suit for damages in the sum of $1,380.93, alleged to have been inflicted upon 194 head of cattle, shipped from Webb, Tex., to Fort Worth, Tex., over the line of the International & Great Northern Railway. The grounds of negligence alleged by appellee were that the cattle were consigned to some unknown party, instead of to Campbell & Rosson Live Stock Commission Company; that appellant refused to allow appellee's representative to accompany the cattle "to shape them up" before selling; that the cattle were in three separate brands, and it was necessary to separate and sell each brand separately; that as soon as appellee learned of the mistake he went to Fort Worth to correct the mistake and attend to "shaping up" the cattle, which caused a delay of 24 hours, in the pens at Fort Worth, beyond the usual time for cattle to remain in the pens. It was alleged that the market price became lower while the cattle were delayed, and shrinkage in weight took place to the amount of 180,370 pounds. Appellant filed general and special exceptions, and pleaded contributory negligence.

The evidence showed that no written contract of shipment was entered into between the receiver of the railway company and appellee, and no verbal contract for sending a man with the cattle was made. The evidence indicates that men are not allowed to accompany shipments except where a written contract is signed, which constitutes what is known as a "drover's pass." Live stock contracts are only issued at the instance and request of the shipper, and no such request was made. The delay in the sale of the cattle was not shown by the evidence to have resulted from the negligence of appellant.

The appellant, under the law, had no right or authority to issue a pass to a caretaker unless he was necessary, and the appellant could not have known of any such necessity unless so informed by the shipper. A verbal contract to permit a caretaker to go with the cattle is pleaded, but not proved.

The telegram to the live stock commission company in Fort Worth was sent at the instance of appellee, and the cattle would have been promptly sold by the commission firm on the market Monday if the telegram to hold until Tuesday had not been received. The mistake in billing the cattle was not shown to be attributable to the negligence of appellant, and, if it had been, it could have been and was remedied in time for the market desired by appellee, if he had not instructed the commission company to hold the cattle.

We are not satisfied to permit a judgment to stand that is based on such uncertain and unsatisfactory evidence.

The judgment is reversed, and cause remanded.

⚖➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
244 S.W.—37